UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT KEMP,

        Plaintiff,                      **Case No.:**

v.

LIFE INSURANCE CO. OF NORTH AMERICA,

        Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, SCOTT KEMP (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant LIFE INSURANCE CO. OF NORTH AMERICA (hereinafter "Defendant"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA). Plaintiff seeks to recover benefits he claims are due to him under his employer's group policy issued by Defendant which he claims have been wrongfully denied.

## PARTIES

2. At all times material hereto, Plaintiff was and is an adult resident

citizen of Santa Rosa County, Florida, and otherwise a resident of the State of Florida.

3. At all times material hereto, Defendant was and is a foreign for-profit corporation authorized to engage and engaging in business within the State of Florida, including Santa Rosa County, Florida.

4. At all times relevant to this action, Plaintiff purchased a plan for long term disability ("LTD") benefits pursuant to his former employer Lockheed Martin Corp.'s benefit plan, under plan number LK-0008348 ("the Plan").

5. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan documents.

## BASIS FOR JURISDICTION

7. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## UNLAWFUL DENIAL OF BENEFITS

8. Plaintiff purchased through his former employer, Lockheed Martin Corp., a contract of salary continuance (the Plan) that included long term disability benefits during any period of disability as defined by the Plan.

9. On or about June 20, 2019, Plaintiff became totally disabled, as defined by the Plan, due to a variety of severe impairments including, but not limited to, lumbar spondylosis - a deteriorating condition that is degenerative in nature, lumbar myofascial pain, lower back pain with numbness into his lower extremities, buttock and hip pain, HBP, Diabetes Mellitus, Depression, right shoulder pain, morbid obesity, anxiety, dyspnea; and other exertional and non-exertional impairments.

10. On or about April 20, 2020, Defendant, its agents and/or employees, approved Plaintiff's claim for long term disability, and Plaintiff began receiving long term disability benefits from the Defendant.

11. By letter dated April 8, 2022, Defendant, its agents and/or employees, terminated long term disability benefits payable to Plaintiff beyond December 25, 2021.

12. By letter dated September 19, 2022, Plaintiff timely submitted his appeal of the termination of his long term disability benefits.

13. By letter dated September 30, 2022, Defendant, its agents and/or employees, wrote Plaintiff, stating as follows:

"We are currently having your claim reviewed by a medical

3

professional. This review is necessary to evaluate your functional ability, and whether you satisfy the definition of disability as defined under your policy.

We will continue with our review of your claim and make our appeal determination as soon as possible. The appeal process can take at least four to six weeks from the date of this letter. For this reason, we will require up to a 45-day extension in order to complete the appeal process.

We will notify you once we have made our appeal decision. If we require additional information, or there is reason for delay, we will contact you. In any event, we will contact you again within 30 days."

14. By letter dated October 28, 2022, Defendant, its agents and/or employees, wrote Plaintiff, stating as follows:

"We are writing to notify you of the status of your appeal for Long Term Disability benefits. We are currently reviewing the medical reports conducted on appeal. Each review completed was and is necessary to evaluate your functional ability, and whether you satisfy the definition of disability as defined under your policy. We will continue with our review of your claim and make our appeal determination as soon as possible. We will notify you once we have made our appeal decision. lf we require additional information, or there is reason for delay, we will contact you. In any event. we will contact you again within 30 days."

15. By letter dated September 1, 2022, Defendant, its agents and/or employees, wrote to Plaintiff, stating as follows:

"We are currently considering an appeal of our decision as

4

> requested by your letter dated 07/24/2022 which we received on 07/24/2022. The Policy allows the insurance company 45 days to make an appeal decision unless there are special circumstances that prevent completion of the review in that time period. In such circumstances, the decision period can be extended by an additional 45 days. We are unable to make a decision on your appeal during the initial 45 day period because we obtained an independent medical records review and have referred the information in the file for an updated Employability Analysis Review and are awaiting receipt of the completed report. We are continuing our evaluation and will make a decision as soon as possible. The decision should be made prior to 10/22/2022."

16. By letter dated October 31, 2022, Defendant, its agents and/or employees, wrote to Plaintiff, stating as follows:

> "After completing our review of your appeal, we have concluded that an adverse benefit decision on your claim is warranted. we have reviewed your complete file in its entirety, including all comments, documents, records and other information received during the appeal, without deference to the decision you appealed. The purpose of this letter is to allow you an opportunity to respond to new evidence and/or new rationales we considered, relied on, or generated in reaching our appeal decision, before we issue our determination. Any new or additional evidence we considered, relied upon or generated during the appeal is listed below and enclosed as applicable:
> Appeal+ Additional Medical documentation & Vocational Review
> Psychiatry MD Review (10/7/22)
> Pain Management MD Review (10/7/2022)
> Internal Medicine MD Review (10/7 22)
> Transferable Skills Analysis Report."

This 10/31/2022 correspondence further stated:

"If you would like to provide a response to the explanation provided in this letter, please send any Information to the address or fax number in this letter no later than by 11/13/23 ("Response Date")."

17. By letter dated November 8, 2022, Defendant, its agents and/or employees, wrote to Plaintiff, stating as follows:

"This letter is in follow up to our call to your office on 11/8/22 regarding your LTD appeal. We will allow you until 11/30/22 to submit additional information for your appeal review. from the date of this letter through the date we receive all the necessary information or the date you otherwise respond to this request, the time periods for making a decision are "tolled". Tolling means that the number of days that the toll is in effect is not counted toward the number of days we are allowed to decide your appeal. to "respond" means you either provide all the necessary information, provide some information (but the information is inadequate or incomplete), or you indicate to us the information will not be provided. If you are unable or do not intend to provide the information within the time period specified in this letter, please notify us. at the latest, we will contact you within 30 days. we will notify you once we have reached a decision."

18. By letter dated 11/10/22, Plaintiff timely responded to Defendants 10/31/2022 long term disability Appeal denial with Behavioral Medicine Specialist Reviews & Transferable Skills Analysis Report/Appeal+ Additional Medical documentation & Vocational Review/Psychiatry MD Review/Pain

6

Management MD Review/Internal Medicine MD Review.

19. By letter dated November 28, 2022, Defendant, its agents and/or employees, wrote to Plaintiff, stating as follows:

> "We are writing to notify you of the status of your appeal for long term disability benefits. At this time, the LTD claim file has been submitted for further review with the additional medical records received. Each additional review is necessary to evaluate your functional ability, and whether you satisfy the definition of disability as defined under your policy. We will continue with our review of your claim and make our appeal determination as soon as possible. We will notify you once we have made our appeal decision. If we require additional information, or there is reason for delay, we will contact you. in any event, we will contact you again within 30 days."

20. By letter dated December 6, 2022, Defendant, its agents and/or employees, issued an effective denial of Plaintiff's September 19, 2022 appeal of the termination of his long term disability benefits.

21. Plaintiff continues to suffer from a variety of severe impairments including, but not limited to, lumbar spondylosis - a deteriorating condition that is degenerative in nature, lumbar myofascial pain, lower back pain with numbness into his lower extremities, buttock and hip pain, HBP, Diabetes Mellitus, Depression, right shoulder pain, morbid obesity, anxiety, dyspnea; and other exertional and non-exertional impairments, which render him disabled as defined

by the Plan and thus Plaintiff remains entitled to receive long term disability benefits under the Plan.

22. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

WHEREFORE, Plaintiff prays for a judgment against the Defendant LIFE INSURANCE CO. OF NORTH AMERICA for all Plan benefits owing at the time of said judgment, back-due benefits from the date of Defendant's long term disability benefits cut-off, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: <u>December 20, 2022</u>

>*/s/Daniel J. Finelli*
>Daniel J. Finelli, Esq.
>Florida Bar No.: 101084
>d.finelli@solowaylawfirm.com
>Daniel M. Soloway, Esq.
>Florida Bar No.: 508942
>d.soloway@solowaylawfirm.com
>Soloway Law Firm
>1013 Airport Blvd.
>Pensacola, FL 32504
>(850) 471-3300 (T)
>(850) 471-3392 (F)
>Attorneys for Plaintiff